IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JOSE DE JESUS BASURTO HERNANDEZ                                    PETITIONER

VERSUS                                    CIVIL ACTION NO. 5:26-cv-45-DCB-RPM

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.          RESPONDENTS

<u>MEMORANDUM OPINION AND ORDER OF DISMISSAL</u>

This matter is before the Court, sua sponte.   On February 2, 2026, pro se Petitioner Jose

De Jesus Basurto Hernandez, A #221-491-809, filed a petition for habeas corpus relief under 28

U.S.C. § 2241.   Pet. [1] at 1–7.   Petitioner challenges his detention by immigration authorities

at the Adams County Detention Facility in Natchez, Mississippi.   *Id*. at 1.   Petitioner was

directed to file a completed and signed Petition for habeas relief under 28 U.S.C. § 2241 on or

before March 5, 2026.   Order [2] at 1.   Petitioner was warned that failure to comply could result

in the dismissal of this case.   *Id*. at 2.   Petitioner did not comply.

When Petitioner failed to comply, the Court entered an Order to Show Cause [3] directing

Petitioner to file a written response to explain why this case should not be dismissed and file a

completed and signed Petition for habeas relief under 28 U.S.C. § 2241 on or before April 1,

2026.   Order [3] at 1–2.   Petitioner was warned that failure to comply could result in the

dismissal of this case.   *Id*. at 2.   Again, Petitioner did not comply.

The Court then entered a Second and Final Order to Show Cause [4] directing Petitioner to

show cause and to comply with the Order [2] on or before April 29, 2026.   Order [4] at 2.   That

Order [4] warned Petitioner that "[t]his was Petitioner's final opportunity to comply with the

Order [2]."   *Id*.   To date, Petitioner has not responded.

The Court has repeatedly warned Petitioner that failure to comply would result in an order

dismissing his claims without further notice.   *Id*.; Order [3] at 2; Order [2] at 2; Notice [1-2] at

1.[1]    The Court has the authority to dismiss an action for Petitioner's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action sua sponte.    *See Link v. Wabash Railroad*, 370 U.S. 626, 630-31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).    The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.    *Link,* 370 U.S. at 630.    Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court.    *Id.* at 630–31.    The Court's authority to dismiss an action for failure to prosecute extends to habeas corpus petitions.    *See Martinez v. Johnson,* 104 F.3d 769, 772 (5th Cir. 1997).

As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution," but instead such efforts have proven futile.    *See Tello v. Comm'r.*, 410 F.3d 743, 744 (5th Cir. 2005).    Dismissal without prejudice is warranted.

IT IS, THEREFORE, ORDERED AND ADJUDGED that pro se Petitioner's habeas corpus Petition [1] is dismissed without prejudice for failure to prosecute and obey the Orders of the Court.[2]    A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

SO ORDERED, this   22nd   day of May, 2026.

s/David Bramlette
UNITED STATES DISTRICT JUDGE

---

[1] The envelopes containing the Orders [2, 3, 4] and the Notice of Assignment [1-2] were not returned as undeliverable.

[2] A certificate of appealability (COA) is not required to appeal the denial of relief under 28 U.S.C. § 2241 when the petitioner is in federal detention.    *See Padilla v. United States*, 416 F.3d 424, 425 (5th Cir. 2005) (citing *Ojo v. I.N.S*, 106 F.3d 680, 681 (5th Cir.1997)).